STATE OF NEBRASKA, APPELLEE, V. ERNEST L. SIMS,
APPELLANT.

246 N. W. 2d 645

Filed November 10, 1976. No. 40419.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was convicted of first degree murder and sentenced to life imprisonment. He has appealed and contends his conviction should be reversed for error in an evidentiary ruling.

(1)

Raymond Martzett was shot to death in Omaha, Nebraska, on May 15, 1975. The defendant admits that he killed Martzett but claims that Martzett was shot in self-defense.

The offense occurred shortly after 8 p.m. Prior to the shooting, Martzett had been driving north on 24th Street. An automobile operated by the defendant passed Martzett on the right and then stopped in front of him forcing Martzett to stop. The defendant then walked back to the Martzett automobile and accused Martzett of nearly causing an accident. After a brief conversation the defendant returned to his automobile and drove north on 24th Street. Martzett then turned into the driveway for a bakery near 24th and Blondo Streets and parked his automobile.

A short time later the defendant returned to the area and parked near the intersection. A passenger in the defendant's automobile stepped out of the car and fired a pistol in the air. The defendant removed a shotgun from the car and walked rapidly in the direction of Martzett who was standing against his car. The defendant stopped when he was about 10 feet away from Martzett and fired one shell which struck Martzett in the abdomen causing his death. The defendant then returned to his automobile and drove away. He was apprehended later that evening.

At the time the defendant had stopped his automobile in front of the Martzett automobile, Martzett had removed a pistol from the console in his automobile and had pointed it at the defendant during their conversation. At the time he was shot, Martzett was carrying the pistol under his belt.

The defendant testified that as he was walking from his automobile over to where Martzett was standing, the defendant said, "Hey, Man you done pulled a gun on me, you done threatened to take my manhood. I don't know what this is about. Let's talk." The defendant further testified that while he was talking, Martzett

went for his gun at which time the defendant fired the shotgun.

There were a number of witnesses who were present at the scene of the crime, five of whom were called by the State. None of these witnesses saw Martzett make any move toward the gun in his belt at the time the defendant fired the shotgun. The defendant also claimed that he was aiming at Martzett's feet, although it is undisputed the shot struck Martzett in the abdomen.

The following occurred during the direct examination of the defendant: "Q Had there been any previous times that you encountered this gentleman? A He had approached me in the streets as I was getting in my car. He told me I am going to get you. Mr. Merwald: I will object to this as being hearsay. The Court: I will sustain it." The defendant contends this ruling constituted prejudicial error.

As a general rule, in a prosecution for homicide where self-defense is an issue, evidence of threats recently made by the deceased against the defendant, which were communicated to the defendant, are admissible. See, Basye v. State, 45 Neb. 261, 63 N. W. 811; 40 Am. Jur. 2d, Homicide, § 322, p. 590. Evidence of threats against the defendant by the deceased together with evidence of an overt act indicating hostility are relevant to the issue of whether the defendant could reasonably believe that killing the deceased was necessary.

The State argues that the error was harmless and points out that the answer was not stricken from the record and the jury was not instructed to disregard it. See Nichols v. State, 109 Neb. 335, 191 N. W. 333. Furthermore, the direct examination of the defendant proceeded as if the objection had not been sustained. The defendant was asked when and where "this" had occurred; was "that" what he had reference to when he said to Martzett he did not know what this is about; and was "this" the reason the defendant had said to Martzett, "let's shake on it."

As we view the record, the ruling of the trial court was not prejudicial to any substantial right of the defendant and the error was harmless beyond a reasonable doubt.

We have also considered the contentions made in the separate brief filed by the defendant pro se and find them to be without merit.

The judgment of the District Court is affirmed.

AFFIRMED.