STATE OF NEBRASKA, APPELLEE, V. EARL C. RUSSELL, APPELLANT.
479 N.W.2d 798

Filed February 14, 1992.   No. 90-429.

Earl C. Russell, pro se.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant, Earl C. Russell, appeals from the order denying, without an evidentiary hearing, his motion for postconviction relief brought in the district court pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989). We affirm.

In an appeal of a postconviction proceeding, "the findings of the district court will not be disturbed unless they are clearly erroneous." *State v. Blank, ante* p. 188, 190, 474 N.W.2d 689, 691 (1991). Additionally:

> " 'A court is not required to grant an evidential hearing on a motion for postconviction relief which alleges only conclusions of law or fact; nor is an evidential hearing required under the Nebraska Postconviction Act when (1) the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant, or (2) notwithstanding proper pleadings of facts in a motion for postconviction relief, the files and records in the movant's case do not show a denial or violation of the movant's constitutional rights causing the judgment against the movant to be void or voidable.' "

*State v. Rehbein*, 235 Neb. 536, 538-39, 455 N.W.2d 821, 824 (1990).

On December 2, 1983, the defendant pleaded guilty to a two-count information charging him in count I with assault in

the first degree, in violation of Neb. Rev. Stat. § 28-308(1) (Reissue 1989), and in count II with robbery, in violation of Neb. Rev. Stat. § 28-324(1) (Reissue 1989). Before accepting this plea, the trial court questioned him extensively to make sure he knowingly and voluntarily waived his rights in pleading guilty. The trial court explained to Russell the possible pleas he might enter. The court established that the defendant was not under the influence of drugs or alcohol. The court established that Russell understood and waived his right to be presumed innocent until proven guilty beyond a reasonable doubt, his right to a public trial by jury, his rights to confront witnesses and to compulsory process to procure their attendance, his right against self-incrimination, and his right to the suppression of illegally obtained confessions. Russell acknowledged his understanding of all these rights. He also answered, "Yes," when the court asked if he understood and was voluntarily waiving his rights. The trial court also advised Russell of the maximum sentences he faced and determined that he understood the possible sentences. The trial court then found a factual basis existed upon which to accept the pleas of guilty, accepted them, and found defendant guilty on both counts. Russell was sentenced on February 27, 1984, to 6 to 20 years on count I and 15 to 50 years on count II, the sentences to run consecutively. The statutory penalties provided for these crimes are imprisonment for 1 to 20 years and 1 to 50 years, respectively.

As his assignments of error, Russell claims (1) trial counsel was ineffective in failing to inform the trial court of a plea agreement; (2) counsel was ineffective in raising only frivolous issues on appeal; (3) the trial court imposed sentences which were cruel and unusual, in violation of his right to equal protection; and (4) the trial court failed to consider Russell's lack of education and his mental instability in sentencing him.

Although normally a voluntary guilty plea waives every defense to a charge, whether the defense is procedural, statutory, or constitutional, a court will consider a claim that the guilty plea was the result of ineffective assistance of counsel. *State v. Stranghoener*, 212 Neb. 203, 322 N.W.2d 407 (1982).

Russell's first assignment of error depends upon the truth or

falsity of the allegation that there was a plea agreement between his trial counsel and the State which was not brought to the trial court's attention. After determining that the defendant was pleading guilty because he was guilty, the trial court asked if a plea agreement had been reached:

THE COURT: Mr. McKenney, has there been any plea negotiations in this case and if so what were they?

MR. McKENNEY [deputy county attorney]: None, Your Honor.

THE COURT: Is that correct, Mr. Pruss?

MR. PRUSS [Russell's counsel]: That's correct.

THE COURT: And is that your understanding, Mr. Russell, that there has been no plea negotiations in this case?

THE DEFENDANT: Yes, sir.

As may be seen from the portion of the bill of exceptions quoted above, the primary evidence that no agreement existed comes from Russell himself. In addition to the statement made above, Russell twice stated that no promises had been made to him.

Russell now argues on appeal that his trial counsel advised him to mislead the trial court by stating that no promises had been made nor plea agreement reached. This "fact" was not alleged in Russell's postconviction motion. "One moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution." *State v. Otey*, 236 Neb. 915, 925, 464 N.W.2d 352, 360 (1991). It follows that the postconviction court cannot make any determination based upon a fact not presented, and therefore this "fact" cannot be considered by this court on appeal.

This court faced an assigned error similar to the one Russell now complains of in *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990). There, a defendant seeking postconviction relief alleged that he pleaded guilty only because his counsel represented to him that he would get better treatment in jail after pleading guilty. This court reviewed the plea proceedings, at which the defendant stated that he had been made no promises, was pleading guilty freely and voluntarily, and was

satisfied with his counsel. It was held that an evidentiary hearing was unnecessary, and in doing so, this court stated, "To ignore the repeated assertions made and the answers given 6 years ago in favor of a story which has been developed following 5 years behind bars would make a mockery out of our judicial proceedings." *Id*. at 544, 455 N.W.2d at 827.

Although the more prudent course to follow may be to grant an evidentiary hearing if a defendant makes a factual allegation supporting a claim of ineffective assistance of counsel, where the record presents nothing to overcome the presumption that the defendant was telling the truth at the time of his plea when he told the trial court the facts were different from those now alleged, that would indeed make a mockery out of our judicial process. As stated in *State v. Scholl*, 227 Neb. 572, 580, 419 N.W.2d 137, 142 (1988):

> If the dialogue which is required between the court and the defendant whereat, as here, the court receives an affirmative answer as to whether the defendant understands the specified and full panoply of constitutional rights . . . is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time and that of the trial judges, making a mockery out of the arraignment process.

In his second assignment of error Russell claims the court, during postconviction proceedings, failed to find that defense counsel rendered ineffective assistance of counsel by raising only frivolous issues on direct appeal. However, Russell's motion simply states the bald conclusion that his counsel presented only frivolous arguments. He did not inform the court what those arguments were, nor did he allege any facts from which the district court could determine the frivolity of the issues presented on direct appeal. A motion for postconviction relief must allege facts. *State v. Otey, supra*.

Russell argues on appeal that his appellate counsel, in moving to withdraw, conceded that all issues raised in Russell's direct appeal were frivolous. However, the record Russell provided this court does not contain this motion. It is incumbent on the party appealing to present a record which supports the errors assigned; absent such a record, as a general

rule, the decision of the lower court is to be affirmed. *Bert Cattle Co. v. Warren*, 238 Neb. 638, 471 N.W.2d 764 (1991).

The district court correctly refused an evidentiary hearing on this issue, as " ' "the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant . . . ." ' " *State v. Rehbein, supra* at 538, 455 N.W.2d at 824. The second assignment of error fails.

Russell's third and fourth assignments of error relate to his sentences: whether the district court erred in failing to find Russell's sentences cruel and unusual, and whether the district court erred in failing to find that the trial court failed to consider defendant's lack of education and his mental instability in sentencing him. Russell is also asking this court to find his sentences excessive because they are disproportionate to others imposed based on the same charges and because the trial court did not consider or give proper weight to certain factors Russell urges were mitigating.

Excessive sentence is not a proper subject for postconviction relief. *State v. Isikoff*, 223 Neb. 679, 392 N.W.2d 783 (1986). Russell's third and fourth assignments of error fail for this reason.

Moreover, there is no underlying basis supporting either of these assignments of error were they properly before the court. "As a general rule, a sentence imposed within the limits prescribed by statute will not be set aside as excessive absent an abuse of discretion." *State v. Haynie, ante* p. 478, 490, 476 N.W.2d 905, 914 (1991). The sentences were within the limits prescribed by statute.

As to the crime itself, the victim was an 87-year-old woman whose home Russell invaded on the pretext of using the telephone, after his original plan to burglarize the home failed. He pushed her to the floor, picked up her cane, and beat her so severely with it that she had to be hospitalized in critical condition, ultimately lost an eye, and suffered psychiatric stress requiring hospitalization. After beating the victim, Russell stole a clock from her home.

Furthermore, the record reveals that Russell has been convicted of several thefts and possession of marijuana and

drug paraphernalia. The sentencing court took into consideration the nature of the crime; Russell's previous criminal record, as well as his lack of education; his substance abuse; and his disadvantageous family life.

Finally, as to Russell's claim that he was sentenced disproportionately to those involved in similar cases, "there is no requirement that the [sentencing] court compare the defendant's case with all other similarly charged . . . felonies prior to imposing sentence." *State v. Carlson*, 227 Neb. 503, 507, 418 N.W.2d 561, 563 (1988). There was no abuse of discretion and no merit to any of the defendant's arguments.

The judgment of the district court, dismissing Russell's action for postconviction relief, was correct and is affirmed.

AFFIRMED.