STATE OF NEBRASKA, APPELLEE, V. ERNEST L. SIMS, APPELLANT.

509 N.W.2d 6

Filed December 17, 1993.    No. S-93-312.

Ernest L. Sims, pro se.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

The appellant, Ernest L. Sims, was convicted of first degree murder in 1975 in connection with the shooting death of Raymond Martzett. The judgment was affirmed in *State v. Sims*, 197 Neb. 1, 246 N.W.2d 645 (1976). The underlying facts

of the case are described in that opinion. Sims now appeals from the district court's denial of his pro se motion for postconviction relief brought pursuant to the provisions of Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989 & Cum. Supp. 1992). Sims asserts that the district court erred in denying his motion for postconviction relief and in denying him an evidentiary hearing on that motion.

One moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution. *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992). The Nebraska Postconviction Act applies only where a prisoner has sustained such a denial or infringement of constitutional rights that the judgment is void or voidable. *State v. Keever*, 234 Neb. 289, 450 N.W.2d 682 (1990).

Furthermore, while an evidentiary hearing on a postconviction motion is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, such a hearing is properly denied if the record and the files in the case affirmatively establish that the defendant is not entitled to relief. *State v. Bowen, ante* p. 204, 505 N.W.2d 682 (1993).

In his motion for postconviction relief, Sims claims that he was, in several respects, denied effective assistance of counsel. In order to maintain a successful ineffective assistance of counsel argument, an appellant must show how he was prejudiced in the defense of his case as a result of his attorney's actions or inactions and that, but for the ineffective assistance of counsel, there is a reasonable probability that the result would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. In the absence of such a showing, the requested relief must be denied. *State v. Sanders*, 241 Neb. 687, 490 N.W.2d 211 (1992).

Sims first claims that he was denied effective assistance of counsel in that his trial counsel failed to interview Richard Keith and call Keith as a witness during the trial. Sims' postconviction motion asserts that Keith "was threatened by the County

Attorney and the Police Department to testify against [Sims] by fabricating a testimony" and that in exchange, charges against Keith were dropped. Despite this assertion, the record shows that Keith's only connection with the case is that he happened to be a passenger in a vehicle with Sims immediately before Sims was arrested. Keith was not a witness to the shooting and did not testify at the trial. However, numerous other witnesses to the shooting did testify at the trial, and these witnesses identified Sims as the person who shot the victim. In fact, Sims himself testified that he shot the victim, but stated that in doing so, he acted in self-defense. In light of such evidence, the record affirmatively establishes that Sims was not prejudiced by his trial counsel's failure to interview Keith or call Keith as a witness.

Sims next claims that his trial counsel failed to point out witnesses' conflicting testimony regarding Sims' and the victim's possession and handling of firearms. However, the testimony cited by Sims in his motion for postconviction relief is not, in fact, conflicting. Such testimony merely describes differing circumstances when, in two different instances, Sims and the victim confronted each other. Because the testimony was not conflicting, Sims' counsel was not remiss in failing to raise that issue during the trial.

Apparently, with his self-defense claim in mind, Sims also asserts in his postconviction motion that his trial counsel failed "to show intent by the victim against [Sims], when the victim had a gun, and [Sims] was not armed." In support of this assertion, Sims' motion cites testimony that when Sims first confronted the victim concerning the victim's operation of a motor vehicle, the victim pointed a handgun at Sims. However, Sims left the area after this incident, but later returned to the area and shot the victim. While the record does show that the victim did point a firearm at Sims during the initial confrontation, the record also shows that the victim did not point a weapon at Sims after he returned following the initial confrontation.

Sims does not lucidly explain the precise basis of his complaint regarding his trial counsel's failure to "show intent by the victim against [Sims]." As stated, however, Sims'

postconviction motion does no more than assert that he received ineffective assistance of counsel because his trial counsel was unsuccessful in arguing that Sims acted in self-defense. However, an unfavorable result does not, by itself, support a claim of ineffective assistance of counsel. See *State v. Colgrove*, 207 Neb. 496, 299 N.W.2d 753 (1980).

Sims also asserts in his motion that his trial counsel was ineffective because his trial counsel, with Sims' consent, stipulated that the victim died as a result of wounds from a shotgun blast. It is apparent from the record, however, that trial counsel was attempting to prevent the introduction of graphic evidence of the victim's wounds. The strategic decision to enter into a stipulation regarding the cause of the victim's death is, by itself, insufficient to sustain a claim of ineffective assistance of counsel. See *State v. Nielsen*, 243 Neb. 202, 498 N.W.2d 527 (1993) (a strategic decision to call, or not to call, particular witnesses will not, without more, sustain a finding of ineffectiveness of counsel).

While Sims also asserts that his trial counsel did not explain Sims' right to face the pathologist as a witness against him, Sims' motion contains no factual allegation which, if proven, would show that he was prejudiced by the stipulation regarding the victim's cause of death or that the result of the trial might have been different if the pathologist had been required to testify. Sims does allege that "[t]he [p]athologist would have testified that the victim did not die immediately, which contradicts the [S]tate's theory of premeditation, and deliberation." This, however, is simply a non sequitur assertion. The record does show that the victim died a short time after he was wounded rather than immediately upon being shot. However, such evidence has no bearing upon the question whether Sims acted with deliberation and premeditation when he shot the victim.

Sims finally claims that his trial counsel failed to show that Doris Butler was not an eyewitness to the shooting. In making this claim, Sims cites the testimony of a police officer who testified that he interviewed Butler and also some of the eyewitnesses to the shooting. Sims implicitly suggests that this officer testified that Butler was an eyewitness to the shooting

and asserts that his attorney should have impeached such testimony. However, a review of the testimony shows that the officer did not testify that Butler was a witness; he only testified that he interviewed Butler, as well as eyewitnesses to the shooting. In fact, it is eminently clear from the evidence presented at trial that Butler was not an eyewitness to the shooting, and Sims' trial counsel was not deficient in any way with respect to that issue.

In addition to his claim of ineffective assistance of counsel, Sims also objects to statements made outside of the presence of the jury by the trial judge. This issue is one which could have been raised by Sims in his direct appeal. It is well established that a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Bowen, ante*, p. 204, 505 N.W.2d 682 (1993). Nevertheless, we note that the statements made by the trial judge were directed only to counsel during the discussion of Sims' motion to strike the testimony of a witness who had rendered aid to the victim. That witness described the victim's wounds, and Sims sought to strike the description of the wounds. In overruling the motion to strike that testimony, the trial court stated:

> The question of the type of wounds, the nature of the wounds, that's very important in a first degree murder, whether he shot him high or low. That's a question of fact for this jury to determine, if the man is just going to hurt him to stop him he would shoot him in the foot. He wouldn't shoot him in the heart. I will overrule your motion.

Again, these statements were made outside of the presence of the jury. Furthermore, the record does not show, nor is there an allegation, that such statements were included in the jury instructions with respect to Sims' self-defense claim. Despite this, Sims claims that "[t]he trial court decided prejudicially how [Sims] should have shot the victim in a [sic] self defense [and] was prejudiced in determining how [Sims] should have defended himself." We must conclude, however, the trial court's statement, outside the presence of the jury and in the context in which it was made, did not result in prejudice to Sims or violate

his constitutional rights.

Lastly, Sims objects to the testimony of Jack O'Donnell, a police officer who testified at trial, and claims that a portion of that testimony is inadmissible hearsay. Again, this is an issue which could have been raised in the direct appeal. We note, however, that O'Donnell testified regarding statements which were made by Sims following the shooting. A statement is not hearsay if it is offered against a party and is the party's own statement. See Neb. Evid. R. 801(4)(b)(i). Consequently, contrary to Sims' assertion, O'Donnell's testimony was properly allowed.

Because the record affirmatively establishes that Sims is not entitled to relief, the district court properly denied Sims an evidentiary hearing on his motion for postconviction relief and properly overruled that motion. Consequently, the judgment of the district court is affirmed.

AFFIRMED.

SHANAHAN, J., not participating.