STATE OF NEBRASKA, APPELLEE, V. JESSE L. LIVINGSTON, APPELLANT.
509 N.W.2d 205

Filed December 17, 1993.   Nos. S-92-1102, S-92-1103.

Jesse L. Livingston, pro se.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

Jesse L. Livingston claims the Nebraska Court of Appeals erred when it summarily affirmed the district court's denial of his motions for postconviction relief in these two unrelated cases which have been consolidated for disposition in this court.

Livingston argues that the trial court erred when it denied him an evidentiary hearing and denied his request for appointed counsel in regard to the proceedings on his postconviction relief motions.

Following the Court of Appeals' summary affirmances, we granted Livingston's petitions for further review. After reviewing the two records involved, we reverse the Court of Appeals' summary affirmances and remand these two causes to that court with directions to remand the causes to the district court with instructions to grant Livingston an evidentiary

 

hearing on his postconviction relief motions.

## HISTORY

In the district court for Douglas County, Livingston entered a no contest plea in each of the two cases under consideration. Livingston was charged with assault in the first degree in one case and with robbery in the second case. The records reflect that in accepting Livingston's two no contest pleas, the trial judge basically asked a series of questions calling primarily for yes or no answers. The judge did not ask Livingston whether he was under the influence of medication or drugs at the time of the pleas or whether he had taken medication or drugs prior to his pleas. Before accepting the pleas, the trial judge found that each plea was made voluntarily and intelligently. At the time of Livingston's pleas, the trial court made no observations on the record as to whether Livingston was under the influence of any medication or drugs.

Livingston later filed motions to withdraw each of his no contest pleas. He claimed that he had not given either of his pleas voluntarily and intelligently because he was under the influence of medication at the time. In his motions for postconviction relief, Livingston alleges that for several months before entering his pleas he had been taking 60 milligrams of Empirin with Codeine every 4 hours for injuries he sustained from gunshot wounds. Livingston further alleges that taking the prescribed medication over a long period of time causes varying degrees of drowsiness, loss of memory, and periods of hallucination. Livingston claims he was in jail during the time he was taking the medication. He was still in jail when he entered his pleas.

During the hearing on his motions to withdraw his no contest pleas, Livingston testified that because of the medication's effects, he did not understand what was happening when he entered his pleas. At the plea withdrawal hearings, the judge stated from the bench that at the plea hearings, which were held 3 months earlier, he had observed Livingston's demeanor when he entered his pleas and that in the court's opinion, Livingston's pleas had been entered voluntarily and intelligently. It is apparent that in rejecting Livingston's motions to withdraw his

no contest pleas, the court relied, in large measure, upon the court's memory of what the court recalled from the 3-month-old hearings when Livingston entered his pleas of no contest. The bill of exceptions containing the plea hearings, which were held one immediately after the other, does not reflect any observations by the trial judge of Livingston's demeanor at the time Livingston entered his pleas, nor does it reflect any specific findings as to whether Livingston was under the influence of medication or drugs when he entered his no contest pleas. By making the observations that he did at the plea withdrawal hearings, the trial judge assumed the role of a witness, contrary to the prohibition of Neb. Rev. Stat. § 27-605 (Reissue 1989), which provides: "The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." This rule applies not only to formal testimony but also to whenever the judge assumes the role of a witness. See *State v. Rodriguez, ante* p. 707, 509 N.W.2d 1 (1993).

The district court overruled Livingston's motions to withdraw his no contest pleas and sentenced him to consecutive terms of 10 to 15 years' imprisonment for robbery and 5 to 10 years' imprisonment for assault. On direct appeal to this court, we summarily affirmed judgment of the trial court. *State v. Livingston*, 235 Neb. xxii (case No. 89-1235, Mar. 29, 1990).

The same attorneys represented Livingston at the plea hearings and at the withdrawal of plea hearings in the trial court. A trial counsel who participated in one of the cases in the trial court represented the defendant in both cases on direct appeal to this court. In the direct appeals, there was no assignment of error that the trial judge had assumed the role of a witness.

It was after this court's summary affirmances on direct appeal that Livingston filed his pro se motions for postconviction relief. In his motions, Livingston claims, inter alia, that his attorneys were ineffective because they failed to investigate Livingston's use of medication and because they failed to present evidence as to the medication's effects at the time of his pleas. As previously stated, Livingston sought an evidentiary hearing and appointed counsel for his

postconviction proceedings.

In denying Livingston postconviction relief, the district court found that the record supported a finding that Livingston had entered his two no contest pleas voluntarily and intelligently. The district court also stated that Livingston arguably had been afforded an "evidentiary hearing on the drug assertion" when the district court heard Livingston's motions to withdraw his pleas. The district court concluded that Livingston's constitutional rights had not been violated and that no evidentiary hearing was warranted. As also previously stated, the Court of Appeals summarily affirmed the district court's judgment on Livingston's postconviction relief motions.

## STANDARD OF REVIEW

On appeal from a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *State v. Johnson*, 243 Neb. 758, 502 N.W.2d 477 (1993).

## EVIDENTIARY HEARING

After review of the record in each case by this court, we reverse the Court of Appeals' summary affirmances. At the plea withdrawal hearings, Livingston's attorneys presented no evidence to corroborate Livingston's testimony that medication impaired his ability to enter his pleas voluntarily and intelligently. Other than Livingston's testimony, the only "evidence" at that hearing was the trial judge's recollection of his earlier observations as to how Livingston appeared to the judge when he entered his no contest pleas.

An evidentiary hearing on a postconviction motion is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Victor*, 242 Neb. 306, 494 N.W.2d 565 (1993). Conversely, an evidentiary hearing may properly be denied on a motion for postconviction relief when the records and files of the case affirmatively establish that the defendant is not entitled to relief. *Id.*; *State v. Maeder*, 240 Neb. 955, 486 N.W.2d 193 (1992).

Livingston's postconviction relief motions contain factual

allegations concerning the entry of his no contest pleas, their acceptance by the trial court, and his motions to withdraw those pleas, which allegations, if proved, could be found to constitute an infringement of Livingston's constitutional due process rights because of ineffective assistance of counsel. Before deciding that Livingston's postconviction motions did not entitle Livingston to relief, the trial court should have afforded him an opportunity, through an evidentiary hearing, to prove the truth of the factual allegations in his motions. The trial court's failure to give Livingston that opportunity was clearly wrong. Moreover, the records, files, and bill of exceptions in Livingston's cases fail to affirmatively establish that Livingston is not entitled to postconviction relief.

Livingston has raised a constitutional issue as to whether his trial attorneys rendered ineffective assistance of counsel by failing to investigate Livingston's use of medication and by failing to present evidence of the medication's effects. Livingston also raised issues as to whether he was on medication when he entered his pleas and whether such medication impaired his ability to enter his pleas voluntarily and intelligently.

To determine whether Livingston is entitled to relief because of his trial attorneys' alleged failure to investigate Livingston's use of medication and the effect the medication had upon him at the time of his pleas, it will be necessary to ascertain facts beyond the records that were before the postconviction trial court. On remand, the district court should conduct a postconviction evidentiary hearing to determine whether at his no contest plea hearings Livingston was deprived of effective assistance of counsel, whether Livingston was on medication when he entered his pleas, and, if he was taking medication, what effect it had, if any, upon his ability to voluntarily and intelligently enter his no contest pleas.

## APPOINTED COUNSEL

Livingston has also assigned as error the postconviction court's failure to appoint counsel to represent him for his postconviction relief proceedings. There is no federal or state constitutional right to an attorney in state postconviction

proceedings. See, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 111 L. Ed. 2d 640 (1991); *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993).

Statutorily, the district court *may* appoint not to exceed two attorneys to represent prisoners in all postconviction relief proceedings. See Neb. Rev. Stat. §§ 29-3001 through 29-3004 (Reissue 1989 & Cum. Supp. 1992). Thus, whether counsel is to be appointed in postconviction relief proceedings is discretionary with the trial court, and the failure to appoint counsel in such proceedings is not error in the absence of an abuse of discretion.

It was not an abuse of discretion for the trial court to deny appointed counsel for Livingston when the court found that on the face of his postconviction relief motions Livingston was not entitled to any relief.

It is apparent that, upon remand of these two causes to the district court, Livingston, to support his claims, will need to present facts not contained in his postconviction records. Upon remand of these causes to the district court, nothing in this opinion should be construed as preventing Livingston from again applying to the district court for appointed counsel.

In summary, we reverse the Court of Appeals' summary affirmances in these two appeals. We remand the causes to the Court of Appeals with directions to remand them to the district court with instructions to grant Livingston an evidentiary hearing in the two causes.

REVERSED AND REMANDED WITH DIRECTIONS.

SHANAHAN, J., not participating.

BOSLAUGH, J., dissents.