STATE OF NEBRASKA, APPELLEE, V. BRUCE PAUL CATON, APPELLANT.

518 N.W.2d 160

Filed June 21, 1994.    No. A-92-1059.

Bruce Paul Caton, pro se.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HANNON and MILLER-LERMAN, Judges, and HOWARD, District Judge, Retired.

HOWARD, District Judge, Retired.

Bruce Paul Caton appeals the order of the district court denying his motion for postconviction relief. Caton was convicted by a jury of kidnapping, first degree forcible sexual assault, and robbery. The trial court sentenced Caton to 5 to 15 years each on the kidnapping and sexual assault counts, with the sentences to be served concurrently, and to 3 to 10 years on the robbery count, to be served consecutively to the sentences on the prior counts. Caton's direct appeal was untimely perfected and was dismissed by the Nebraska Supreme Court. See *State v. Caton*, 234 Neb. xxviii (case No. 89-1337, Dec. 15, 1989). His counsel filed a motion for rehearing of the dismissed appeal on the grounds that Caton had been acting pro se. The motion was overruled.

On July 6, 1992, Caton, again acting pro se, filed a motion for postconviction relief. The district court denied the motion,

and Caton subsequently perfected this appeal, asserting nine assignments of error. The first two assigned errors allege errors of the "[c]lerk of the district court" in (1) "fail[ing] to perform his or her duty . . . by not filing together and carefully preserving and endorsing . . . papers" and (2) disposing of papers delivered to the clerk. The remaining errors are as follows: The trial court erred in (3) refusing to direct that the expenses of "printing the record" of the postconviction proceeding be paid by the county; (4) determining that some of the issues raised in the motion could have been raised in a direct appeal, because the direct appeal was dismissed; (5) denying an evidentiary hearing; (6) failing to review the records and files, such as the bill of exceptions, presentence investigation report, and police reports from the original case; (7) failing to find that Caton could not be compelled to be a witness against himself and was entitled to counsel; (8) "absolv[ing]" itself of errors it committed during the trial merely because the record of the trial was not provided to the court; and (9) failing to consider grounds

> stated by the prisoner as a basis for relief, but not specifically appearing in the basic records and files of the case, although reasonable inference may be drawn by the court that the grounds stated by the prisoner show an infringement of the prisoner[']s substantial and basic rights unexplained by the records and files of the case.

For the reasons recited below, we affirm.

## SCOPE OF REVIEW

■ On appeal from a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *State v. Livingston*, 244 Neb. 757, 509 N.W.2d 205 (1993); *State v. Johnson*, 243 Neb. 758, 502 N.W.2d 477 (1993).

## CLERK'S ERRORS

Caton appears to assert in his brief that because he referred to exhibits in his motion for postconviction relief, those exhibits should have been stamped as official exhibits from the original trial. Caton misperceives the law. A clerk of a district court can only certify for review that which is a "true copy of the

proceedings" before the trial court. Neb. Rev. Stat. § 25-1912(5) (Cum. Supp. 1992). The assignments of error relating to the clerk are without merit.

## POSTCONVICTION RELIEF MOTION

Caton's remaining assigned errors revolve around the trial court's denial of his motion for postconviction relief and the court's failure to grant him an evidentiary hearing on this motion.

The Nebraska Supreme Court has held that a defendant moving for postconviction relief must allege facts in the motion which, if proved, "constitute a denial or violation of his or her rights under the Nebraska or federal Constitution." *State v. Sims*, 244 Neb. 771, 772, 509 N.W.2d 6, 8 (1993). Accord *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992). "The Nebraska Postconviction Act applies only where a prisoner has sustained such a denial or infringement of constitutional rights that the judgment is void or voidable." *State v. Sims*, 244 Neb. at 772, 509 N.W.2d at 8.

A motion for postconviction relief cannot be used as a substitute for an appeal or to secure a further review of issues already litigated on direct appeal or which were known to the defendant and counsel at the time of trial and which were capable of being raised, but were not raised, in the defendant's direct appeal. *State v. Wickline*, 241 Neb. 488, 488 N.W.2d 581 (1992); *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991).

The following claims also relate to issues which could have been raised on a direct appeal, and may be summarized as follows: (1) The evidence was insufficient to support the convictions, (2) the victim committed perjury on the stand during the original trial, (3) the county prosecutor aided and abetted the victim in her perjured testimony, (4) the search of Caton's home pursuant to a "validly obtained search warrant" exceeded the scope of the warrant, (5) the chain of custody of the evidence was lacking, (6) the trial court "denied defendant [the right to remain] silen[t]," and (7) the trial court made inappropriate comments to the jury prior to and during the course of the trial. All of these issues could have been raised in a

direct appeal, and Caton has failed to allege facts showing an infringement of his rights under the Nebraska or federal Constitution with these claims.

The only potentially meritorious complaints from the postconviction motion are Caton's claims that he gave no willing, intelligent, and knowing waiver of counsel in the district court and that he had ineffective assistance of counsel.

Neb. Rev. Stat. § 29-3001 (Reissue 1989) provides that a prisoner who claims a right to be released from his or her imprisonment because of a denial of his or her constitutional rights

> may file a verified motion at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.
>
> Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney

and grant an evidentiary hearing on the merits of the motion. The statute does not require the prisoner to provide the court with the "files and records" of the case. In fact, the determination that the motion is without merit may be made absent the physical presence of the prisoner or notification to the State of the existence of the motion, but only after the court has reviewed the "files and records" of the case. This statutory authorization for the court to, in essence, judicially notice the "files and records" requires that court to certify those noticed records in a subsequent appeal of the denial, provided the appellant has properly filed a praecipe. See *State v. Fugate*, 180 Neb. 701, 144 N.W.2d 412 (1966) (holding that the files and records reviewed by the district court in making its determination must accompany the transcript and that the transcript must contain a certificate by the district judge identifying the files and records as those which were considered).

On appeal, Caton filed a praecipe for transcript requesting that the clerk of the district court prepare the transcript of the case relating to the postconviction denial and the transcript of the original criminal proceedings. The clerk prepared the

documents filed with the motion for postconviction relief. A certified copy of the arraignment hearing, pretrial conferences, bill of exceptions, jury instructions, or any other motions associated with the original criminal proceedings was not included. The trial judge did send this court a letter and a copy of the transcript of proceedings from May 22, July 13, July 17, and September 22, 1989. In the letter, the judge states that the transcript of proceedings was "[i]ncluded as part of the records in this case" which he reviewed in determining whether to deny the motion.

A review of the transcript of proceedings shows that Caton was told that he could have counsel appointed for him if he was unable to afford counsel. Caton refused counsel for the arraignment hearing, but indicated he would seek counsel for the trial. At a subsequent hearing on the State's motion to endorse additional witnesses and during a conference before the jury was selected, Caton appeared pro se. The judge questioned Caton at the conference and asked Caton if he still wanted "to appear pro se, you want to represent yourself in this case." Caton answered affirmatively. Caton was pro se for the trial and the sentencing.

It appears from the record before this court that Caton voluntarily refused to accept offered counsel. See *State v. Blunt*, 197 Neb. 82, 246 N.W.2d 727 (1976). The determination by the trial court that Caton voluntarily waived counsel is affirmatively established by the record which was before the trial court.

Caton's second claim deals with ineffective assistance of counsel. Caton claims that no errors have been considered in any appellate proceeding due to procedural bars. Caton's sentence was rendered on September 22, 1989. The motion for postconviction relief provides that the notice of direct appeal was filed on October 18, 1989. Caton admits that he did not file a poverty affidavit or filing fee at that time. The appeal was dismissed by the Nebraska Supreme Court. Caton then states that his appointed counsel filed a motion for a rehearing regarding the appeal, which motion was overruled by the court. Caton claims that his representation was ineffective.

To sustain a claim of ineffective assistance of counsel as a

violation of the Sixth Amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Gibbs*, 238 Neb. 268, 470 N.W.2d 558 (1991); *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990).

. Caton does not have a claim of ineffective assistance of counsel simply because his counsel failed to convince the Nebraska Supreme Court that Caton's appeal should still be heard, regardless of the fact that the jurisdictional requirements had not been timely met. See § 25-1912 (Reissue 1989). However, Caton could have a claim of ineffective assistance of counsel if that counsel represented Caton during the 30 days following the sentencing and failed to timely perfect the appeal.

■ This court may take judicial notice of the record in the Nebraska Supreme Court of Caton's direct appeal. See, *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993) (where the Nebraska Supreme Court took judicial notice of actions filed in federal court); *First Nat. Bank v. Chadron Energy Corp.*, 236 Neb. 199, 459 N.W.2d 736 (1990) (indicating that in cases where the controversy has been previously considered and involves one of the parties currently before the court, the court has a right to examine and take judicial notice of the records from the prior action). That record indicates that Caton filed his notice of appeal pro se. On November 3, 1989, Caton's motion in the district court to appoint counsel on appeal was submitted and granted. The time to perfect Caton's appeal ended on October 22, 1989. Caton, acting pro se, is solely responsible for his failure to perfect an appeal. Unfortunately, the transcript of proceedings which the trial court stated it referred to in determining whether to deny the motion contains no documents indicating when counsel was appointed.

■ As noted before, an evidentiary hearing on a postconviction motion is required only for motions "containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or

federal Constitution, [and] such a hearing is properly denied if the record and the files in the case *affirmatively establish* that the defendant is not entitled to relief." (Emphasis supplied.) *State v. Sims*, 244 Neb. 771, 772, 509 N.W.2d 6, 8 (1993).

Caton's motion for postconviction relief presented factual allegations that he may have been denied effective assistance of counsel in the filing of his direct appeal. The "record and files" presented to this court which the trial court stated it reviewed do not "affirmatively establish" that Caton is not entitled to relief.

However, this court recognizes that the district court is also capable of taking judicial notice of the district court records, which contain the same district court entries that were discovered in the Nebraska Supreme Court record. Those entries affirmatively establish that Caton was not represented by counsel during the time to appeal. For this reason and in the interest of judicial economy, we decline to remand the cause for an evidentiary hearing. Under a different fact scenario where this court is unable to review a record or file which affirmatively establishes that a prisoner was not entitled to an evidentiary hearing, the cause will be remanded.

AFFIRMED.