STATE OF NEBRASKA, APPELLEE, V.
ANOUSONE SOUKHARITH, APPELLANT.
618 N.W. 2d 409

Filed September 29, 2000.    No. S-00-037.

Anousone Soukharith, pro se.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Anousone Soukharith was convicted of first degree murder, kidnapping, robbery, and the use of a weapon to commit a felony in connection with the May 23, 1995, death of Karen Logsdon. He received concurrent sentences of life imprisonment on the murder and kidnapping charges, a concurrent term of 20 to 40 years' imprisonment for the robbery, and 10 to 20 years' imprisonment on the use of a weapon conviction to be served consecutively. The convictions and sentences were affirmed on direct appeal in *State v. Soukharith*, 253 Neb. 310, 570 N.W.2d 344 (1997). Soukharith subsequently filed a motion for postconviction relief which was denied by the district court without an evidentiary hearing or appointment of postconviction counsel. Soukharith now appeals from that order. We find no error and affirm.

## I. BACKGROUND

The events leading to Soukharith's conviction are set forth in detail in *State v. Soukharith, supra,* and will not be repeated herein except as applicable to specific postconviction claims asserted by Soukharith, including (1) that his convictions and sentences were the result of an illegal search and seizure under the 4th and 14th Amendments to the U.S. Constitution, (2) that his convictions and sentences were the result of an inadmissible confession under the 5th and 14th Amendments to the U.S. Constitution, (3) that the evidence was insufficient to support a first degree robbery conviction, (4) that the evidence was insufficient to support the kidnapping conviction, (5) that the evidence was insufficient to support the conviction for use of a

weapon to commit a felony, (6) that he received ineffective assistance of counsel at trial, (7) that there was prosecutorial misconduct, and (8) that his 5th Amendment rights were violated by sheriff's deputies' refusal to afford him counsel during custodial questioning. Soukharith also filed a motion seeking the appointment of counsel to represent him in the postconviction action.

In denying postconviction relief, the district court determined that several of Soukharith's claims were procedurally barred because they were or could have been raised on direct appeal and that his claim of ineffective assistance of counsel lacked merit on its face. The district court denied Soukharith's motion for appointment of counsel to represent him in postconviction proceedings.

## II. ASSIGNMENTS OF ERROR

Soukharith contends, summarized and restated, that the district court erred in denying his motion for postconviction relief without an evidentiary hearing and in denying his request for appointment of counsel to represent him in the postconviction proceeding.

## III. STANDARD OF REVIEW

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Buckman*, 259 Neb. 924, 613 N.W.2d 463 (2000); *State v. Suggs*, 259 Neb. 733, 613 N.W.2d 8 (2000).

■ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Suggs, supra.*

■ Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. Boppre*, 252 Neb. 935, 567 N.W.2d 149 (1997); *State v. Livingston*, 244 Neb. 757, 509 N.W.2d 205 (1993).

## IV. ANALYSIS

We address each of Soukharith's eight grounds for postconviction relief separately and in the order raised in his motion and addressed by the district court.

### 1. SEARCH AND SEIZURE OF SEALED ENVELOPE

Soukharith first contends that his conviction and sentence were prejudicially influenced by an illegal search and seizure of a sealed envelope found within his personal property after his arrest. As noted in our opinion on direct appeal, on June 6, 1995, while preparing Soukharith for transport from a Laramie County, Wyoming, detention facility to Sarpy County, Nebraska, law enforcement personnel found among Soukharith's personal property an envelope containing a letter. Law enforcement personnel scanned the letter and, determining that the letter might be a confession, turned it over to the Sarpy County Sheriff's Department. The inculpatory letter and envelope were later introduced at trial. Soukharith contends in his postconviction motion that the search and seizure violated his rights under the 4th and 14th Amendments.

This issue was before us on direct appeal, although limited to an alleged Fourth Amendment violation. We determined that the trial court was not clearly erroneous in finding that sufficient facility safety reasons justified the search and seizure of the letter and envelope and that law enforcement personnel had a legitimate governmental interest in opening the letter and reading its contents in accordance with established policy. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. El-Tabech*, 259 Neb. 509, 610 N.W.2d 737 (2000); *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000). Because Soukharith asserted the 4th Amendment claim and could have asserted the related 14th Amendment claim on direct appeal, these claims are procedurally barred.

### 2. CONFESSION

Soukharith's second asserted basis for postconviction relief is a contention that his constitutional rights were violated by the use of an inadmissible confession, namely, the inculpatory letter which was seized from his belongings. Specifically, Soukharith argues that the State did not advance sufficient proof to show that the handwriting in the letter was his or that he was the author of the letter. Soukharith could have raised the issue of

the authenticity of the letter on direct appeal, but did not. Therefore, this claim is also procedurally barred.

### 3. INSUFFICIENT EVIDENCE TO SUPPORT ROBBERY, KIDNAPPING, MURDER, AND USE OF WEAPON CHARGES

In his third, fourth, and fifth alleged grounds for relief, Soukharith argues that there was insufficient evidence to support his convictions for robbery, kidnapping, and use of a weapon to commit a felony. In *State v. Moss*, 191 Neb. 36, 214 N.W.2d 15 (1973), we held that a defendant's claim that the evidence was insufficient to support his conviction did not afford a basis for postconviction relief. We explained that postconviction relief is statutorily limited to cases in which there was a denial or infringement of the rights of the defendant such as to render the judgment of conviction void or voidable under the state or federal constitution. See Neb. Rev. Stat. § 29-3001 (Reissue 1995). Liberally construed, Soukharith's pro se postconviction motion alleges that because they were not supported by sufficient evidence, these three convictions were void as a matter of law and thus violated his constitutional due process and equal protection rights. Assuming without deciding that a claimed insufficiency of the evidence to support a conviction could under any circumstances afford a basis for postconviction relief, Soukharith's claims in this regard lack merit because they were addressed and resolved on direct appeal and are thus procedurally barred.

With regard to the robbery charge, we noted that motorists observed the victim's car on the morning of her death near the place where the victim's body was later found. We also noted that a witness testified that he saw a woman walking down into a ditch where the body was eventually found while a man watched from the roadside. We noted that when Soukharith was stopped in Wyoming, he told the officer he purchased the victim's car from a man named "Wonum," but that there was no evidence of this transaction in the record. Based on the evidence, we concluded that "[t]he evidence, when construed most favorably to the State, is sufficient to support a finding that Soukharith took [the victim's] car by use of force with intent to steal in Nebraska." *State v. Soukharith*, 253 Neb. 310, 332, 570 N.W.2d 344, 360 (1997).

With respect to the kidnapping charge, we stated that on the day the victim was killed, she did not go to work, and that when she spoke to her family on the telephone that morning, she sounded distraught. We noted that two motorists saw what appeared to be the victim and a dark-complected man near the Platte River bridge that day, in the area where the victim was killed. We further noted that the record reflected the victim's last telephone call to her family was made in Nebraska. We again concluded that there was "sufficient evidence of the elements of abduction with continued restraint and intent to commit a felony to support the conviction of kidnapping in the State of Nebraska." *Id.* at 333, 570 N.W.2d at 360.

We next addressed the murder and use of a weapon charges, noting that the victim died of a gunshot wound to her back near the Platte River bridge in Sarpy County. We noted that a shell casing found near her body came from the handgun found in her car when Soukharith was stopped in Wyoming. We further noted that the shoe impressions found near the victim's body matched Soukharith's shoes. Finally, we noted that Soukharith, while in detention in Laramie County, wrote a letter tantamount to a confession to the crime. Based on the evidence in the record and on our previous findings that there was sufficient evidence to support the robbery and kidnapping convictions, we concluded that "there is sufficient evidence that Soukharith used the handgun found in [the victim's] car to kill [the victim] during the perpetration of a kidnapping and robbery, which is enough to support the convictions for murder and use of a weapon to commit a felony." *Id.*

Because we determined on direct appeal that there was sufficient evidence in the record to support the robbery, kidnapping, murder, and use of a weapon to commit a felony convictions, Soukharith may not again raise these issues in his motion for postconviction relief. Thus, these three postconviction claims are procedurally barred.

### 4. Ineffective Assistance of Trial Counsel

Soukharith was represented both at trial and on direct appeal by lawyers employed by the office of the Sarpy County public defender. Under these circumstances, his first opportunity to

assert ineffective assistance of trial counsel was in his motion for postconviction relief. See *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999). We therefore address this claim.

In order to establish a right to postconviction relief based on a claim of ineffective counsel, the convicted defendant has the burden first to show that counsel's performance was deficient; that is, that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. McCroy*, 259 Neb. 709, 613 N.W.2d 1 (2000); *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000). The two prongs of this test, deficient performance and prejudice, may be addressed in either order. If it is more appropriate to dispose of an ineffectiveness claim due to the lack of sufficient prejudice, that course should be followed. *State v. McCracken, ante* p. 234, 615 N.W.2d 902 (2000); *State v. Lyle*, 258 Neb. 263, 603 N.W.2d 24 (1999). The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. *State v. Buckman*, 259 Neb. 924, 613 N.W.2d 463 (2000); *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). We apply these familiar principles in assessing each particular in which Soukharith contends that he received ineffective representation from his trial counsel.

Additionally, we note that an evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Buckman, supra.* An evidentiary hearing is not required when the motion alleges only conclusions of fact or law. *Id.* Further, when the motion properly alleges an infringement of the defendant's constitutional rights, an evidentiary hearing should still be denied when the records and files affirmatively show that the defendant is entitled to no relief. *Id.* Thus, the focus of our inquiry is whether Soukharith has alleged facts which, if proved, would establish that he was denied effective assistance of trial counsel.

### (a) Authenticity of Letter

Soukharith contends that his trial counsel failed to utilize a handwriting expert or other means to disprove that the letter found among his personal property prior to his transport from the Laramie County detention facility to Sarpy County belonged to him. However, Soukharith's postconviction motion contains no allegation that he did not in fact write the letter or that he gave his trial counsel any reason to question that he was the author. We agree with the reasoning of the district court that "[c]ounsel is not expected to pursue avenues of investigation unless there is some basis to believe it might reveal some evidence or information which would assist in the defense."

Moreover, in our opinion on direct appeal, we recited the ample evidence adduced at trial that indicates Soukharith wrote the letter that was seized by Laramie County law enforcement personnel and was subsequently admitted at trial. Specifically, we noted that the letter was found by a sheriff among Soukharith's personal property while Soukharith was being prepared for transport to Sarpy County. Also, the return address on the envelope containing the letter read, "Soukharith." Given these circumstances, Soukharith's trial counsel had reasonable grounds to believe that Soukharith did write the letter, and absent an allegation of facts which would indicate otherwise, it cannot be said that his trial counsel's failure to further investigate this issue amounted to deficient performance or that Soukharith was in any way prejudiced thereby.

### (b) Circumstances Surrounding Handgun and Kidnapping

Soukharith next contends that his trial counsel was ineffective for failing to determine if his fingerprints were on the handgun used in the murder or if his hands were tested for gunpowder. The record reflects that the handgun was found inside the victim's vehicle, which Soukharith was driving when he was stopped by police in Wyoming. Moreover, a Federal Bureau of Investigation agent testified that a shell casing found about 10 feet from the victim's body came from the handgun police retrieved from the victim's vehicle in Wyoming after Soukharith was arrested. Finally, the letter found among Soukharith's personal property when he was being prepared for transport from

Wyoming to Sarpy County indicated Soukharith did in fact kill the victim. In the letter, Soukharith wrote, "It was all (me.) I did it all myself no gangs no friends nobody at all. It was all I." (Emphasis in original.) *State v. Soukharith*, 253 Neb. 310, 318, 570 N.W.2d 344, 352 (1997). Soukharith does not allege in his postconviction motion that he ever advised trial counsel that he had not handled or fired the murder weapon. Thus, he has not alleged facts which, if true, would establish deficient performance by his trial counsel.

Similarly, although Soukharith contends that trial counsel was ineffective in failing to develop and offer evidence showing that he did not kidnap the victim, he does not allege that he gave his counsel any reason to pursue this theory of defense or specify the nature of the exculpatory evidence which he now contends his trial counsel failed to discover and present. As noted above and in our opinion on direct appeal, the record contained evidence sufficient to sustain the robbery, kidnapping, murder, and use of a weapon convictions. We agree with the district court that Soukharith's allegations in this regard do not contain facts which, if proved, would establish constitutionally deficient representation by his trial counsel.

### (c) Failure to Investigate and Defend Against Robbery Charge

Soukharith contends that his trial counsel failed to investigate and offer a defense to the robbery charge. As noted previously, we found on direct appeal that the evidence was sufficient to support the robbery conviction. In his motion for postconviction relief, Soukharith does not allege the existence of any exculpatory facts pertaining to the robbery charge which could have been discovered by his trial counsel. Therefore, his conclusory allegations of ineffective assistance of counsel in this regard are insufficient on their face to afford a basis for postconviction relief.

### (d) General Allegations

Soukharith asserts several general allegations regarding ineffective assistance of his trial counsel, including claims that counsel failed to offer a meaningful defense supported by evidence and that Soukharith was not advised of the fact that he had grounds for a Fourth and Fifth Amendment challenge. As noted

by the district court, Soukharith failed to allege any specific facts which support these general conclusions. As we have noted, an evidentiary hearing is not required when the postconviction motion alleges only conclusions of fact or law. *State v. Lyle*, 258 Neb. 263, 603 N.W.2d 24 (1999).

### 5. PROSECUTORIAL MISCONDUCT

Soukharith argues prosecutorial misconduct as an additional basis for postconviction relief. Specifically, he claims that the State failed to prove that he wrote the letter found among his personal property while he was at the Laramie County detention facility. He also argues that the State failed to prove that he fired the handgun which caused the victim's death by showing that his fingerprints were on the weapon, by showing that he had gunpowder residue on his hands, or by producing an eyewitness to the shooting. As we have previously stated, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. El-Tabech*, 259 Neb. 509, 610 N.W.2d 737 (2000); *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000). Each of the issues that Soukharith attempts to raise in this portion of his postconviction motion were or could have been addressed on direct appeal and are therefore procedurally barred.

### 6. SHERIFF'S REFUSAL TO AFFORD SOUKHARITH COUNSEL

Soukharith asserts in his postconviction motion that his Sixth Amendment rights under the U.S. Constitution were violated by a sheriff's deputy's refusal to afford him counsel during an interrogation. This argument lacks merit for two reasons. First, Soukharith does not argue this issue in his brief. Absent plain error, assignments of error not discussed in the briefs will not be addressed by this court. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000); *State v. Thieszen*, 252 Neb. 208, 560 N.W.2d 800 (1997). Second, we addressed this issue on direct appeal, affirming the trial court's determination that while the uncounseled interrogation was illegal because it was conducted despite Soukharith's having requested counsel, the evidence

which it disclosed was nevertheless admissible under the inevitable discovery doctrine. *State v. Soukharith*, 253 Neb. 310, 570 N.W.2d 344 (1997).

### 7. DENIAL OF REQUEST FOR APPOINTMENT OF COUNSEL

Finally, Soukharith assigns as error the district court's failure to appoint counsel to represent him for his postconviction relief proceedings. In *State v. Livingston*, 244 Neb. 757, 762-63, 509 N.W.2d 205, 208 (1993), we stated that "[t]here is no federal or state constitutional right to an attorney in state postconviction proceedings." (Citing *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 111 L. Ed. 2d 640 (1991), and *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993).) We further noted in *Livingston* that under Neb. Rev. Stat. §§ 29-3001 through 29-3004 (Reissue 1989 & Cum. Supp. 1992), whether counsel is to be appointed in postconviction relief proceedings is discretionary with the trial court, and the failure to appoint counsel in such proceedings is not error in the absence of an abuse of discretion. We determined in *Livingston* that the trial court did not abuse its discretion in denying counsel for the defendant because the trial court found that on the face of the defendant's postconviction motions, he was not entitled to any relief.

Similarly, in this case, the district court did not abuse its discretion in not appointing counsel for Soukharith because the court correctly found that all of Soukharith's grounds for postconviction relief were either procedurally barred or facially without merit and, therefore, that Soukharith was not entitled to relief.

### V. CONCLUSION

Soukharith's first ground for postconviction relief, that the letter and envelope found among his personal property were unlawfully searched and seized, was raised on direct appeal and may not be raised again on a postconviction motion. Soukharith's second claim, that the State did not offer proof as to the authenticity of the letter, could have been raised on direct appeal but was not and is therefore procedurally barred. His third through fifth claims, regarding sufficiency of the evidence to support the robbery, kidnapping, murder, and use of a weapon

convictions, were raised and decided against him on direct appeal and are thus also procedurally barred. Soukharith's claim based upon ineffective assistance of trial counsel lacks merit because of his failure to allege facts which, if true, would substantiate the claim. Soukharith's claim for postconviction relief based upon prosecutorial misconduct is procedurally barred by his failure to raise it on direct appeal. His postconviction claim pertaining to evidence disclosed by his uncounseled statement to Wyoming law enforcement authorities is procedurally barred because the issue was addressed and resolved on direct appeal. The records and files in this case indicate Soukharith's postconviction motion is without merit, and therefore, the district court did not err in denying his motion for postconviction relief without an evidentiary hearing or in denying his motion to appoint postconviction counsel.

For these reasons, we affirm the judgment of the district court.

AFFIRMED.