STATE OF NEBRASKA, APPELLEE, V. JUSTEEN WILLIAMS, ALSO
KNOWN AS JUSTEEN OFFING, APPELLANT.

609 N.W. 2d 313

Filed April 14, 2000.    No. S-99-580.

Thomas C. Riley, Douglas County Public Defender, and Leslie E. Kendrick for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Justeen Williams was convicted of premeditated first degree murder for the 1993 shooting of Tamiko Jones and was sentenced to life imprisonment. This court affirmed her conviction and sentence on direct appeal in *State v. Williams*, 247 Neb. 878, 530 N.W.2d 904 (1995). Williams now appeals from the district court's denial of postconviction relief. For the reasons stated herein, we affirm.

## FACTUAL BACKGROUND

The full events leading to Williams' conviction are set forth in *State v. Williams, supra*, and need not be restated here. The facts relevant to the present proceeding are set forth below. For the sake of clarity, the court in which Williams' original murder trial was held will be referred to throughout as the "trial court," while the district court in which the evidentiary hearing was held in the instant postconviction case will be the "district court."

Loretta Ashley testified at Williams' trial regarding a telephone conversation with Jones on the Friday before Jones was shot. Loretta Ashley testified that Jones "called me hysterical saying that Justeen was calling her, threatening her" and that Jones said that "Justeen said she was going to kill her when she

seen her." No hearsay objection was made at trial, and the admission of the statement was not assigned as error on direct appeal.

Testimony was elicited at trial from several witnesses regarding a prior incident in which Williams had stabbed Jones. A pretrial hearing was held to determine the admissibility of this testimony pursuant to Neb. Rev. Stat. § 27-404 (Reissue 1995), and the trial court determined the testimony to be admissible. No objection was made at trial, and defense counsel himself adduced evidence of the stabbing. Appellate counsel conceded the admissibility of the evidence under § 27-404, but argued that failure to exclude the evidence pursuant to Neb. Rev. Stat. § 27-403 (Reissue 1995) constituted plain error. See *State v. Williams, supra.* This court determined that even had the error been properly preserved for appeal, the trial court did not abuse its discretion in admitting the evidence. *Id.*

Evidence was adduced at trial indicating that Jones was pregnant at the time of the shooting; that her child, Delvin, was delivered by emergency cesarean section shortly after the shooting; and that he died 18 days later. The prosecutor also discussed Delvin's death during the opening statement. No objection was made in either circumstance. Appellate counsel argued that allowing this evidence and statement constituted plain error. See *id.*

The State's theory of the case, both at trial and on appeal, was that Williams killed Jones out of jealousy because both were involved with the same man, Bobby Ashley, who was the father of Jones' child. *Id.* The State argued, and this court agreed, that evidence of Jones' pregnancy was relevant to Williams' motive of jealousy. *Id.* This court further stated that "[t]hough the subsequent death of the child may have been somewhat inflammatory, we cannot say that the admission of this evidence in the context of this trial rises to the level of prejudicial or plain error." *Id.* at 883, 530 N.W.2d at 908.

## PROCEDURAL BACKGROUND

Williams' amended petition for postconviction relief alleged, inter alia, that Williams was denied effective assistance of counsel at trial when trial counsel (1) did not object to the hearsay testimony of Loretta Ashley; (2) did not object to, and in fact

elicited, evidence of the prior stabbing of Jones; and (3) did not object to statements regarding the death of Jones' child. Williams further alleged she was denied effective assistance of appellate counsel in that appellate counsel failed to raise ineffective assistance of trial counsel as an issue on direct appeal.

An evidentiary hearing was held in the district court. Williams' appellate counsel did not testify at the evidentiary hearing. Williams' trial counsel testified regarding tactical decisions made during the course of the trial. Trial counsel testified that he and Williams had agreed to a trial strategy of justification, arguing that Jones had been the aggressor and that Williams had acted in self-defense.

Trial counsel testified that commensurate with this strategy, after losing at the pretrial hearing, he decided not to object to the prior bad act evidence at trial in order not to highlight the evidence and that his decisions not to object and to adduce evidence regarding the incident were tactical decisions of which Williams was aware. Trial counsel further testified that he elicited testimony regarding the prior stabbing because aspects of the incident, through the testimony of the defense witnesses, provided support for the justification defense. Trial counsel stated he adduced evidence that Jones had been the aggressor in the stabbing incident and that Williams had acted in self-defense.

Trial counsel also testified that his failure to object to the testimony of Loretta Ashley and to the evidence regarding the death of Jones' child were part of his strategy to emphasize justification and downplay the prejudicial aspects of the evidence by not objecting. Additionally, trial counsel testified he was aware that Loretta Ashley's testimony was hearsay but could be considered an excited utterance, and he believed that the jury would conclude that the killing of a pregnant woman would result in the death of her unborn child even if evidence to that effect had not been presented.

The district court ultimately determined that trial counsel's actions had been competent trial strategy and did not amount to ineffective assistance. The district court further determined that since trial counsel had not been ineffective, Williams had not been prejudiced by appellate counsel's failure to raise ineffective assistance of trial counsel as an issue on direct appeal.

## ASSIGNMENTS OF ERROR

Williams assigns, restated, that the district court erred when it denied her postconviction relief because she was denied effective assistance of counsel when (1) trial counsel did not file a motion in limine and object at trial to the admission of hearsay statements made by an unavailable witness, (2) trial counsel did not object to the prior bad act evidence and elicited testimony regarding the prior bad act at trial, (3) trial counsel did not object to the prejudicial admission of evidence of the victim's cesarean section and the ultimate death of her newborn child, and (4) appellate counsel did not raise the ineffectiveness of trial counsel as an issue on direct appeal.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Palmer*, 257 Neb. 702, 600 N.W.2d 756 (1999); *State v. Cook*, 257 Neb. 693, 601 N.W.2d 501 (1999); *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999).

## ANALYSIS

It must first be noted that a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Palmer, supra*; *State v. Moore*, 256 Neb. 553, 591 N.W.2d 86 (1999), *cert. denied sub nom., Knight v. Florida*, 528 U.S. 990, 120 S. Ct. 459, 145 L. Ed. 2d 370. Williams' counsel at trial was different from her counsel on direct appeal, and her appellate counsel could have raised but did not litigate the ineffective assistance of trial counsel as an issue on direct appeal. See *State v. Hittle*, 257 Neb. 344, 598 N.W.2d 20 (1999).

When a plaintiff seeking postconviction relief has different counsel on appeal than at trial, the plaintiff's motion for postconviction relief is procedurally barred if the plaintiff (1) knew of the issues assigned in the postconviction motion at the time of the plaintiff's direct appeal, (2) failed to assign those issues on direct appeal, and (3) did not assign as error the fail-

ure of appellate counsel on direct appeal to raise the issues assigned in the postconviction motion. *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999).

We hold that in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. Williams' first three assignments of error which claim that trial counsel was ineffective are procedurally barred because they were known to Williams and were apparent from the record, but were not raised.

Williams has also alleged, however, that counsel on direct appeal was ineffective in failing to raise as an issue the ineffective assistance of trial counsel. A claim of ineffective assistance of counsel on direct appeal, which could not have been raised on direct appeal, may be raised on postconviction review. *State v. Bennett, supra.* As the instant case is Williams' first opportunity to raise the ineffective assistance of direct appeal counsel, this argument is not procedurally barred.

In order to establish a right to postconviction relief based on a claim of ineffective counsel, a defendant has the burden to first show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Smith*, 256 Neb. 705, 592 N.W.2d 143 (1999); *State v. Ditter*, 255 Neb. 696, 587 N.W.2d 73 (1998). The defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Tucker*, 257 Neb. 496, 598 N.W.2d 742 (1999).

The two-prong test for an ineffective assistance of counsel claim need not be addressed in order. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *State v. Smith, supra.*

Determining whether or not Williams was prejudiced by direct appeal counsel's failure to argue ineffective assistance of

trial counsel necessarily requires that we consider whether or not trial counsel was actually ineffective. Consequently, although the claims presented by Williams' first three assignments of error are procedurally barred, we nonetheless consider the issues raised by those assignments of error insofar as they relate to the effective assistance of counsel on direct appeal.

### HEARSAY STATEMENTS

Williams claims that trial counsel was ineffective in failing to have Loretta Ashley's statements excluded as hearsay. The district court found that this testimony had been effectively neutralized on cross-examination and that the statement was cumulative in that there was abundant evidence in the record of conflicts and threats between Williams and Jones. The district court also noted that Loretta Ashley's testimony would support Williams' trial strategy of self-defense by explaining the aggressive, irrational behavior Williams attributed to Jones.

When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel. *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995); *State v. Ryan*, 248 Neb. 405, 534 N.W.2d 766 (1995). In determining whether a trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably. *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994). The decision to object or not to object is part of trial strategy, and an appellate court gives due deference to defense counsel's discretion in formulating trial tactics. See, *State v. Wickline*, 241 Neb. 488, 488 N.W.2d 581 (1992); *State v. Lieberman*, 222 Neb. 95, 382 N.W.2d 330 (1986).

Based upon the record presented, we cannot say that the district court's determinations were clearly erroneous. First, although Loretta Ashley's statement was conceptually hearsay, her characterization of Jones' mental state as "hysterical" following the telephone call from Williams to Jones would arguably lay foundation for the admission of the statement as an excited utterance pursuant to Neb. Rev. Stat. § 27-803(1) (Reissue 1995). See *State v. Jacob*, 242 Neb. 176, 494 N.W.2d 109 (1993).

Williams' primary argument regarding this evidence is that it was highly prejudicial because it was the only evidence at trial

that established premeditation. This claim is not supported by the record. In fact, the record contains evidence that Williams made similar statements on other occasions, supporting the district court's conclusion that the evidence presented through Loretta Ashley was largely cumulative.

Bobby Ashley testified that after the stabbing incident, less than 3 months before the murder, Williams had threatened to kill Jones. Bobby Ashley testified that after the stabbing, he was holding Jones, waiting for an ambulance to arrive, when Williams yelled at him, "I stabbed 'the bitch' and next time I'm going to kill her." Jones' mother testified that Jones corroborated Bobby Ashley's report of Williams' threat.

Stephanie Hall testified that she met Williams and Williams' younger brother just before the shooting. Hall testified that Williams displayed a gun. Hall stated that the three of them were walking toward Hall's home when they saw Jones. Hall testified that Williams grabbed the gun and said, "[t]his bitch is going to die, this bitch is fixin' to die." Hall stated that the shooting took place shortly thereafter.

The above instances establish that Williams had threatened Jones' life on more than one occasion. This evidence would be sufficient, even without Loretta Ashley's testimony, to support a jury's finding of premeditation. Given that the testimony of Loretta Ashley was largely cumulative, we cannot say that trial counsel's failure to object to it resulted in prejudice to Williams. Where the evidence is cumulative and there is other competent evidence to support the conviction, the improper admission or exclusion of evidence is harmless beyond a reasonable doubt. *State v. Owens*, 257 Neb. 832, 601 N.W.2d 231 (1999).

The fact that Loretta Ashley's testimony was cumulative also bears on our analysis of trial counsel's strategy in failing to object. The record indicates trial counsel did not believe an objection to Loretta Ashley's testimony would result in the exclusion of that testimony and that trial counsel was aware of substantially similar testimony already adduced from other sources.

Trial counsel thus chose not to object and, instead, used Loretta Ashley's testimony to support Williams' justification

defense. There is no evidence in the record sufficient to overcome the presumption that counsel acted reasonably in not objecting. Consequently, we cannot say the district court committed clear error in determining that trial counsel's performance in this regard was not deficient or in determining that Loretta Ashley's testimony was cumulative regarding the threat made by Williams.

### PRIOR BAD ACT

Williams contends that trial counsel was ineffective in failing to object at trial to evidence that Williams had previously stabbed Jones. The district court determined that this was not unreasonable trial strategy, as Williams' interpretation of the prior incident was that Jones was the aggressor and that the stabbing resulted from Williams' action of self-defense.

Williams argued on direct appeal that the inclusion of this evidence was plain error, under both § 27-404(2) and § 27-403. This court stated:

> Even had these errors been properly preserved, we could not say that the trial court abused its discretion in admitting this evidence. We note that Williams bases her argument on rules 404(2) and 403. The admissibility of evidence is reviewed for an abuse of discretion where the Nebraska rules of evidence commit the evidentiary question at issue to the discretion of the trial court. [Citation omitted.] We have held that because exercise of judicial discretion is implicit in Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 1989), it is within the discretion of the trial court to determine relevancy and admissibility of evidence of other wrongs or acts under rules 404(2) and 403, and the trial court's decision will not be reversed absent an abuse of that discretion. [Citation omitted.] Judicial abuse of discretion means that the reasons or rulings of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. [Citation omitted.]
>
> . . . .
> . . . [W]e review the admission of evidence of other acts by considering (1) whether the evidence was relevant; (2)

whether the evidence had a proper purpose; (3) whether the probative value of the evidence outweighed its potential for unfair prejudice; and (4) whether the trial court, if requested, instructed the jury to consider the evidence only for the purpose for which it was admitted. [Citation omitted.]

Williams, in her brief, has conceded that the evidence was relevant, that it had a proper purpose, and that the trial court instructed the jury to consider the evidence only for the purpose for which it was admitted. Thus, the only issue raised is whether the trial court abused its discretion in implicitly ruling that the probative value of the evidence did not outweigh its potential for unfair prejudice.

The trial court's ruling was not untenable and did not deny Williams a just result, especially since Williams' counsel elicited similar testimony on cross-examination and in presenting Williams' defense.

*State v. Williams*, 247 Neb. 878, 883-85, 530 N.W.2d 904, 909 (1995). See, also, *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997) (citing *State v. Williams, supra*, as determining evidence of prior stabbing to be admissible).

This court has previously reviewed, and rejected, Williams' claim that evidence of Jones' stabbing should have been excluded pursuant to § 27-403. See *State v. Williams, supra*. It is evident, therefore, that Williams has proved no prejudice resulting from her trial counsel's failure to object to such evidence and preserve the issue for appeal.

Williams argues further that trial counsel was deficient in himself adducing evidence of the stabbing. This claim is without merit. Trial counsel was aware, from the pretrial hearing, that evidence of the prior stabbing was likely to be admitted at trial. Trial counsel also testified that some evidence of the prior incident was important to Williams' justification defense, and the record shows that trial counsel adduced evidence that Jones had been the aggressor in the prior incident. The record supports the district court's finding that Williams failed to prove trial counsel acted unreasonably in adducing evidence of the prior bad act.

### JONES' PREGNANCY AND CHILD'S DEATH

Finally, Williams argues trial counsel was ineffective in failing to file a motion in limine precluding the State from discussing the death of Jones' child and in failing to object to such discussion at trial. The district court concluded that Williams was not prejudiced by this discussion. The district court reasoned that evidence of the pregnancy was admissible, that the death of a pregnant woman could be assumed to result in the death of her unborn child, and that thus, the jury would in any event be aware of the death of Jones' child, even had objections been made and sustained.

This court also reviewed the substance of this claim on direct appeal, stating:

> Williams' first assignment of error is that the trial court erred in allowing the prosecution to adduce evidence of the birth of Jones' child. Williams contends this evidence was unduly prejudicial and should have been excluded.
>
> . . . .
>
> As the State submits, evidence of the birth of Jones' child tended to prove that Jones was pregnant. From this evidence and from the testimony of Bobby Ashley, Williams' lover, to the effect that the child was his, the jury could have found beyond a reasonable doubt that Williams deliberately killed Jones out of jealousy. Though the subsequent death of the child may have been somewhat inflammatory, we cannot say that the admission of this evidence in the context of this trial rises to the level of prejudicial or plain error.

*State v. Williams*, 247 Neb. at 881-83, 530 N.W.2d at 907-08.

This court concluded, therefore, that evidence of Jones' pregnancy was relevant to Williams' motive and sufficiently probative to satisfy § 27-403. *Id.* This court also concluded that evidence regarding the child's death was not reversible error. *Id.* Given that determination, it is clear that Williams has not proved that she was prejudiced by her trial counsel's failure to make objections and preserve the issue for appellate review.

Moreover, the district court's reasoning is sound in that the jury could in any event assume that the death of a pregnant woman would also result in the death of her unborn child. Given

the prior determination of this court and the district court's sound reasoning, we conclude that the district court's determination that Williams did not prove she was prejudiced is not clearly erroneous.

### INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
Given that Williams' trial counsel has not been shown to be ineffective, Williams has also failed to show prejudice resulting from direct appeal counsel's failure to raise ineffective assistance of trial counsel as an issue on direct appeal. The district court's finding to that effect was not clearly erroneous.

## CONCLUSION
Williams' first three assignments of error are procedurally barred. Williams' sole remaining assignment of error, relating to ineffective assistance of direct appeal counsel, fails because Williams has not shown that she was prejudiced by direct appeal counsel's failure to raise ineffective assistance of trial counsel as an issue on direct appeal. Consequently, the district court's judgment was not clearly erroneous and is affirmed.

AFFIRMED.