STATE OF NEBRASKA, APPELLANT, V.
MICHAEL D. SUGGS, APPELLEE.
613 N.W. 2d 8

Filed June 16, 2000. No. S-99-157.

Jennie Dugan-Hinrichs, Deputy Douglas County Attorney, for appellant.

W. Randall Paragas, of Paragas Law Office, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

The State of Nebraska appeals from an order of the district court for Douglas County sustaining Michael D. Suggs' motion for postconviction relief. The district court found that Suggs received per se ineffective assistance of counsel because his trial attorney, Charles M. Radosevich, had previously been disbarred in Colorado and had subsequently concealed this fact when moving for reinstatement of his license to practice law in Nebraska, which had lapsed because of nonpayment of dues. In *State v. McCroy, ante* p. 709, 613 N.W.2d 1 (2000), released today, we considered another postconviction case alleging ineffective assistance of counsel on the part of Radosevich. In *McCroy*, we held that Radosevich's 1989 disbarment in Colorado and his 1993 disbarment in Nebraska did not render his 1992 representation of a defendant in a Nebraska criminal proceeding ineffective per se. Our holding in *McCroy* and our conclusion that other grounds for postconviction relief urged by Suggs are procedurally barred require that we reverse the judgment of the district court and remand the cause with directions to dismiss.

## BACKGROUND

Suggs was charged with first degree sexual assault on January 8, 1992, and retained Radosevich to defend him. Following trial, a jury found Suggs guilty of the charge, and he was sentenced to 13 to 25 years' imprisonment on August 19.

On September 14, 1992, another attorney filed a notice of appeal on Suggs' behalf. In that appeal, Suggs assigned error on the part of the trial court in overruling his motion for mistrial and imposing an excessive sentence, but he did not allege that he received ineffective assistance of counsel at trial. On July 20, 1993, the Nebraska Court of Appeals affirmed Suggs' conviction and sentence in an unpublished opinion. See *State v. Suggs*, 4 NCA 335 (1993) (not approved for permanent publication).

Nearly 5 years later, on September 23, 1998, Suggs filed an amended motion for postconviction relief. The motion alleged that Radosevich's representation before and during trial was per se ineffective due to his disbarment in Colorado and his subsequent reinstatement in Nebraska without disclosure of the Colorado disbarment. In addition, Suggs alleged that Radosevich provided ineffective assistance at trial because of Radosevich's (1) failure to properly cross-examine a police officer who appeared as a witness, (2) failure to object to certain photographs offered by the State which were received in evidence, (3) failure to take appropriate action to exclude evidence regarding alleged bribery committed by Suggs and members of his family, and (4) failure to properly prepare defense witnesses and discuss the defense with Suggs prior to trial.

Following a hearing, the district court sustained the motion for postconviction relief based upon its finding that Suggs received per se ineffective assistance of counsel and vacated his conviction. The State perfected this timely appeal.

The chronology of events relating to Radosevich's admission and disbarment in Colorado and Nebraska is set forth in detail in *State v. McCroy, supra*; *State ex rel. NSBA v. Radosevich*, 243 Neb. 625, 501 N.W.2d 308 (1993); and *People v. Radosevich*, 783 P.2d 841 (Colo. 1989). In view of our holding in *McCroy*, no purpose would be served in reiterating such chronology here. As in *McCroy*, Radosevich was admitted to practice law in Nebraska at the time of his representation of Suggs, and his sub-

sequent disbarment by this court was unrelated to that representation.

## ASSIGNMENTS OF ERROR

The State assigns, restated, that the district court erred in (1) failing to find that the issues raised in Suggs' postconviction motion were procedurally barred due to Suggs' failure to raise them on direct appeal and (2) finding that Suggs' trial counsel was ineffective per se.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Williams, ante* p. 234, 609 N.W.2d 313 (2000); *State v. Palmer,* 257 Neb. 702, 600 N.W.2d 756 (1999).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Ryan,* 257 Neb. 635, 601 N.W.2d 473 (1999). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id.*

## ANALYSIS

As noted above, our holding in *McCroy* requires reversal of the district court's determination that Suggs received per se ineffective assistance of counsel by virtue of the fact that Radosevich had been disbarred in Colorado in 1989 and in Nebraska in 1993. However, in view of Suggs' allegations regarding specific acts and omissions on the part of Radosevich which he contends constituted ineffective assistance of counsel, we must determine whether to remand for further proceedings or with directions to dismiss.

A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Williams, supra.* In applying this principle, we have held that a motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred where a different attorney represented a defendant on direct appeal and the alleged deficiencies in the performance of trial counsel were

known or apparent from the record. *State v. Williams, supra*; *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999).

It is well established that where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in a former proceeding involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). See, also, *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). The present record and the related record from Suggs' direct appeal establish that although Radosevich represented Suggs at trial, a different attorney prosecuted the direct appeal on Suggs' behalf. All of the acts or omissions which are now alleged as deficient performance on the part of Radosevich were apparent from the trial record and thus were or should have been known to Suggs' appellate counsel at the time of direct appeal. Suggs' claims that Radosevich was ineffective based upon his conduct before and during trial are thus procedurally barred. Suggs did not allege ineffective assistance on the part of his counsel on direct appeal. Compare *State v. Williams, supra.*

## CONCLUSION

For the reasons set forth in *State v. McCroy, ante* p. 709, 613 N.W.2d 1 (2000), the district court erred in determining that Suggs received per se ineffective assistance of counsel at trial. All of Suggs' specific allegations of ineffective assistance are procedurally barred. Accordingly, the judgment of the district court is reversed, and the cause is remanded with directions to dismiss. During the pendency of this appeal, Suggs filed a motion to supplement the record by submitting an affidavit from his counsel on direct appeal stating that at the time he represented Suggs, he was unaware of Radosevich's disbarment in Colorado. In view of our disposition, that motion is denied as moot.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.