STATE OF NEBRASKA, APPELLEE, V.
KAMIL H. AL-ZUBAIDY, APPELLANT.
641 N.W.2d 362

Filed April 5, 2002.   No. S-00-535.

Michael J. Hansen for appellant and, on brief, Kamil H. Al-Zubaidy, pro se.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

On December 10, 1994, Kamil H. Al-Zubaidy entered the home of Ann Brown (Brown) and inflicted knife wounds upon Brown and her daughter, Seana Brown (Seana). Following a jury trial, two appeals, and a plea agreement, Al-Zubaidy stands convicted of first degree assault in connection with the injuries to Brown and second degree assault and use of a weapon to commit a felony in connection with the injuries to Seana. Al-Zubaidy filed this motion for postconviction relief alleging he had received ineffective assistance from both trial and appellate counsel. The district court for Lancaster County denied the motion without an evidentiary hearing, and Al-Zubaidy appeals.

## I. BACKGROUND

Where cases are interwoven and interdependent and the controversy involved has already been considered and decided by the court in a former proceeding involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *State v. Parmar, ante* p. 213, 639 N.W.2d 105 (2002); *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001); *State v. Suggs*, 259 Neb. 733, 613 N.W.2d 8 (2000). The

following facts are established by the record in the instant case and those from Al-Zubaidy's prior appeals:

Al-Zubaidy was originally charged with attempted first degree murder and use of a weapon to commit a felony in connection with the injuries to Brown and second degree assault and use of a weapon to commit a felony in connection with the injuries to Seana. At trial, the State contended that Al-Zubaidy, angered that Brown was providing shelter to his recently estranged wife, entered Brown's home and attacked her with a knife and then stabbed Seana when she came to her mother's rescue. Brown, Seana, Brown's son, and Al-Zubaidy's wife all testified on behalf of the State. Al-Zubaidy testified on his own behalf and claimed that upon entering Brown's home to deliver some items to his wife, he was attacked by several persons and used a knife to defend himself and escape.

At trial, Seana testified that she had recently moved to Michigan. At the conclusion of her testimony, Al-Zubaidy's attorney did not request that Seana remain subject to recall or otherwise indicate that she should remain in Nebraska, and she was excused by the trial court. During Al-Zubaidy's case, his counsel attempted to call John Ways for the purpose of impeaching Seana's testimony. At the time of trial, Ways was in custody on charges unrelated to this case, and he had met Al-Zubaidy while in custody. According to an offer of proof, Ways would have testified that Seana, with whom he was acquainted, told him prior to trial that Al-Zubaidy had been "jumped" by persons in Brown's home and that he had used the knife in self-defense, injuring Seana and Brown in the process. The State objected to Ways' testimony on the ground that Seana had not been given an opportunity to explain or deny the alleged prior inconsistent statement and could not be recalled for that purpose because she had left the jurisdiction. The trial court sustained the objection and did not permit Ways to testify.

Al-Zubaidy was convicted on all four counts in the original information. Thereafter, Al-Zubaidy perfected a direct appeal and moved for appointment of new counsel because he intended to challenge the effectiveness of his trial counsel on appeal. The district court granted the motion. In his appeal, Al-Zubaidy assigned and argued (1) that the trial court erred in failing to

instruct the jury on attempted second degree murder and attempted manslaughter as lesser-included offenses of attempted first degree murder and (2) that the trial court erred in refusing to allow Ways' testimony for the purpose of impeaching Seana. The Nebraska Court of Appeals found no merit in either assignment and affirmed. *State v. Al-Zubaidy*, 5 Neb. App. 327, 559 N.W.2d 774 (1997) (*Al-Zubaidy I*).

In its analysis of the first assignment of error, the Court of Appeals determined that the evidence did not warrant the giving of a lesser-included offense instruction. In resolving the second assignment of error, the court began by focusing on Neb. Evid. R. 613(2), Neb. Rev. Stat. § 27-613(2) (Reissue 1995), which provides in part that "[e]xtrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require." The court then cited *State v. Price*, 202 Neb. 308, 275 N.W.2d 82 (1979), and *State v. Johnson*, 220 Neb. 392, 370 N.W.2d 136 (1985), *abrogated on other grounds, State v. Morris*, 251 Neb. 23, 554 N.W.2d 627 (1996), for the proposition that the foundational requirements of § 27-613 can be met by affording the impeached party an opportunity to explain or deny either before or after the introduction of impeaching evidence. Nevertheless, the Court of Appeals concluded that because Al-Zubaidy knew that Seana was not a resident of Nebraska at the time of her trial testimony, he was obligated to take some action to secure her continued presence for the purpose of explaining or denying the alleged statement to Ways, and because he had not done so, the extrinsic evidence of the statement was properly excluded. In addition, the Court of Appeals specifically determined that Al-Zubaidy had "not demonstrated that the interests of justice require dispensing with the foundational requirement of rule 613(2) in the present case." *Al-Zubaidy I*, 5 Neb. App. at 340, 559 N.W.2d at 782.

Al-Zubaidy petitioned for further review solely on the issue of whether a lesser-included offense instruction should have been given. We granted the petition, determined that the evidence warranted an instruction on attempted second degree murder as a lesser-included offense, reversed, and remanded for

a new trial. *State v. Al-Zubaidy*, 253 Neb. 357, 570 N.W.2d 713 (1997) (*Al-Zubaidy II*).

On remand, Al-Zubaidy took the position that our decision in *Al-Zubaidy II* reversed all four of his original convictions and required a new trial on all counts. The trial court determined that our decision required retrial on only counts I and II of the original information, the attempted murder and related weapons charge pertaining to Brown, and that Al-Zubaidy stood convicted of counts III and IV, the assault and weapons charge pertaining to Seana. A plea agreement was subsequently reached in which count I was amended to first degree assault and count II was dismissed in exchange for Al-Zubaidy's plea of no contest to count I, as amended. Al-Zubaidy was convicted on that count and sentenced to 10 years' imprisonment to be served consecutively to the other sentences he was serving. The plea agreement contained no waiver of rights with respect to counts III and IV. Al-Zubaidy moved for an absolute discharge on the ground that he had not been retried on those charges within the timeframe specified in Neb. Rev. Stat. § 29-1208 (Reissue 1995). The motion was denied, and Al-Zubaidy appealed. In *State v. Al-Zubaidy*, 257 Neb. 935, 602 N.W.2d 8 (1999) (*Al-Zubaidy III*), we held that the decision in *Al-Zubaidy II* did not affect Al-Zubaidy's convictions on counts III and IV, which pertained to the injuries inflicted upon Seana.

Subsequently, Al-Zubaidy filed a verified pro se motion for postconviction relief based upon ineffective assistance of counsel. In this motion, Al-Zubaidy alleged that his trial counsel was ineffective for failing to take the necessary steps to "ensure that extrinsic evidence which could impeach the credibility of Seana Brown would be admitted according to Nebraska Rules of Evidence" and for failing to request a lesser-included offense instruction with respect to the second degree assault charge. Al-Zubaidy also alleged that his appellate counsel was ineffective for not asserting ineffective assistance of trial counsel as an issue on direct appeal and for not seeking further review of the Court of Appeals' determination that there was no error in excluding Ways' testimony regarding the statement allegedly made by Seana.

The district court denied Al-Zubaidy's motion for postconviction relief without conducting an evidentiary hearing. The court

reasoned that all of Al-Zubaidy's claims based upon ineffective assistance of trial counsel could have been asserted on direct appeal and were therefore procedurally barred. The court further determined that appellate counsel's decision to approach the issue of foundation for the prior inconsistent statement as he did, rather than casting it as ineffective assistance of trial counsel, was a reasonable tactical decision which was not shown to be prejudicial.

Al-Zubaidy perfected this timely appeal, which we removed to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## II. ASSIGNMENTS OF ERROR

Al-Zubaidy assigns, restated, that the district court (1) erred in denying his postconviction motion without conducting an evidentiary hearing, (2) erred in not appointing counsel to represent him in this matter, and (3) abused its discretion in not permitting him to amend his motion for postconviction relief.

## III. STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Parmar, ante* p. 213, 639 N.W.2d 105 (2002); *State v. Caddy,* 262 Neb. 38, 628 N.W.2d 251 (2001). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Parmar, supra; State v. Caddy, supra.*

## IV. ANALYSIS

### 1. SCOPE OF POSTCONVICTION MOTION

Given the complex procedural history of the criminal proceeding to which this postconviction action relates, we begin by identifying the specific convictions to which the postconviction motion is addressed. Al-Zubaidy's convictions for second degree assault and use of a weapon to commit a felony in connection with the stabbing of Seana were affirmed on direct appeal and are specifically addressed by this motion for postconviction relief. However, we do not read the motion as seeking any relief with

respect to Al-Zubaidy's conviction resulting from the plea agreement following *Al-Zubaidy II*. He makes no claim of ineffective assistance on the part of the attorney who represented him at the time of his plea, and the record affirmatively shows that he was satisfied with that representation. Compare *State v. Bishop, ante* p. 266, 639 N.W.2d 409 (2002). Accordingly, we consider the postconviction motion with respect to only Al-Zubaidy's 1995 convictions for second degree assault and use of a weapon to commit a felony in connection with the stabbing of Seana.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

### (a) General Principles

■ An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the state or federal Constitution. *State v. Buckman*, 259 Neb. 924, 613 N.W.2d 463 (2000); *State v. Lyle*, 258 Neb. 263, 603 N.W.2d 24 (1999). An evidentiary hearing is not required when the motion alleges only conclusions of fact or law. *Id.* Further, when the motion properly alleges an infringement of a defendant's constitutional rights, an evidentiary hearing should still be denied when the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

■ Al-Zubaidy's postconviction motion is based upon an assertion that he was denied the effective assistance of counsel at his trial and on direct appeal. The Sixth Amendment to the U.S. Constitution gives one accused of a crime the right to the assistance of counsel. *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998); *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the U.S. Supreme Court articulated the two-part standard to be utilized by courts when evaluating the performance of counsel in a criminal case. We have frequently cited and applied this standard. In order to establish whether a defendant was denied effective assistance of counsel, he or she must ordinarily demonstrate that counsel was deficient; that is, counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area. Moreover, the

defendant must make a showing that he or she was prejudiced by the actions or inactions of his or her counsel; that is, the defendant must demonstrate with reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Brunzo*, 262 Neb. 598, 634 N.W.2d 767 (2001); *State v. Tucker*, 257 Neb. 496, 598 N.W.2d 742 (1999).

The *Strickland* standard has familiar corollaries. In determining whether trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably. *State v. Carlson*, 260 Neb. 815, 619 N.W.2d 832 (2000); *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000). Moreover, trial counsel is afforded due deference to formulate trial strategy and tactics. *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994). When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel. *State v. Buckman, supra*; *State v. Williams, supra*. The "prejudice" component of the test stated in *Strickland v. Washington, supra*, focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999); *State v. Boppre*, 252 Neb. 935, 567 N.W.2d 149 (1997), *disapproved on other grounds, State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). In order to establish prejudice resulting from an alleged deficiency in the performance of counsel, it must be shown that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002); *State v. Ryan, supra*.

### (b) Trial Counsel

The district court determined that Al-Zubaidy's claims for postconviction relief based upon the alleged ineffectiveness of trial counsel could have been raised on direct appeal and were therefore procedurally barred. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Suggs*, 259 Neb. 733, 613 N.W.2d 8 (2000); *State v. Williams, supra*. In applying this principle, we have held that a motion for postconviction

relief asserting ineffective assistance of trial counsel is procedurally barred where a different attorney represented a defendant on direct appeal and the alleged deficiencies in the performance of trial counsel were known or apparent from the record. *State v. Suggs, supra*; *State v. Williams, supra*; *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999). Because Al-Zubaidy was represented by different counsel on direct appeal, the district court correctly concluded as a matter of law that his postconviction claims based upon allegations of ineffective assistance of his trial counsel were procedurally barred.

### (c) Appellate Counsel

Al-Zubaidy argues that his appellate counsel was ineffective (1) in not arguing on direct appeal that trial counsel was ineffective in failing to secure Seana's presence so that she could be given an opportunity to explain or deny the prior inconsistent statement she allegedly made to Ways and (2) in not seeking further review of the Court of Appeals' determination in *Al-Zubaidy I* that Ways' testimony was properly excluded. We have recognized that a determination of whether a defendant was prejudiced by appellate counsel's failure to argue ineffective assistance of trial counsel on direct appeal necessarily requires a court in a postconviction proceeding to consider whether trial counsel was ineffective under the *Strickland* test. *State v. Bishop, ante* p. 266, 639 N.W.2d 409 (2002); *State v. Williams, supra.* We have also noted that the two prongs of the *Strickland* test for ineffective assistance of counsel claims, deficient performance and prejudice, may be addressed in either order; if it is more appropriate to dispose of an ineffectiveness claim due to the lack of sufficient prejudice, that course should be followed. *State v. Thomas, supra*; *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001).

The district court held that Al-Zubaidy was not prejudiced by appellate counsel's failure to argue that trial counsel was ineffective for failing to secure Seana's presence so Ways' testimony could be heard. Based upon our review of the trial record, we reach the same conclusion. We follow the approach to the prejudice inquiry outlined by the Court in *Strickland v. Washington*, 466 U.S. 668, 695-96, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

It is undisputed that the stabbings occurred in the kitchen of Brown's home where Al-Zubaidy's estranged wife and their child were staying and that Al-Zubaidy wielded the knife which inflicted the wounds. The jury heard two accounts of why Al-Zubaidy was present in the Brown home and what he did when he arrived. According to witnesses called by the State, Al-Zubaidy had been looking for his wife earlier in the evening and became angry when he learned that she was staying with Brown. One witness who had talked with Al-Zubaidy earlier that evening testified that Al-Zubaidy actually "insisted that he was going to kill Ann Brown." Al-Zubaidy's wife testified that she had a telephone call from Al-Zubaidy earlier in the night but hung up because his voice sounded "very angry." Witnesses testified that when Al-Zubaidy arrived at the Brown home, Brown attempted to call the 911 emergency dispatch service but was confronted by Al-Zubaidy entering the kitchen through the back door with a knife in his hand. Three of the State's witnesses testified that Al-Zubaidy repeatedly stabbed Brown in the chest, arm, and wrist, and then stabbed Seana in the shoulder when she came to Brown's aid. Photographs of the stab wounds sustained by the two women were received into evidence. The State's witnesses further testified that Brown's son and some of his friends,

who had been in the basement of the home, subdued Al-Zubaidy and chased him outside, where he departed in a vehicle.

Conversely, Al-Zubaidy testified that he went to the Brown home to deliver some of their child's belongings to his wife. He stated that after knocking on the door he was admitted to the home and, at the instigation of Brown, was immediately attacked by various persons. He testified that he picked the knife up from a table in the kitchen and used it only to defend himself and facilitate his escape, causing wounds to Brown and Seana in the process.

The jury clearly chose to believe the testimony and physical evidence offered by the State over Al-Zubaidy's version of how the stabbings occurred, and the record amply supports this finding. It is conceivable, but unlikely, that a jury would have given credence to Ways' account of a prior inconsistent statement made by Seana regarding the question of who instigated the attack. Nevertheless, Seana's testimony was generally consistent with that of four other witnesses who observed some or all of the altercation. The physical evidence is also consistent with the testimony of the State's witnesses. Viewing the record as a whole, we cannot conclude with reasonable probability that had Ways' testimony been received, there would have been a different result. Accordingly, we conclude that the district court did not err in determining that Al-Zubaidy was not prejudiced by the performance of his trial counsel, which he now challenges as deficient, and he therefore could not have been prejudiced by the fact that his appellate counsel did not raise this issue on appeal. Likewise, we conclude that Al-Zubaidy was not prejudiced by the fact that appellate counsel did not petition for further review of the Court of Appeals' disposition of the exclusion of Ways' testimony.

██ Al-Zubaidy also argues that his appellate counsel should have argued that trial counsel was ineffective for failing to request an instruction on third degree assault as a lesser-included offense of second degree assault. A court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting

the defendant of the lesser offense. *State v. Taylor*, 262 Neb. 639, 634 N.W.2d 744 (2001); *State v. Johnson*, 261 Neb. 1001, 627 N.W.2d 753 (2001); *State v. Becerra*, 261 Neb. 596, 624 N.W.2d 21 (2001).

Neb. Rev. Stat. § 28-309 (Reissue 1995) defines the offense of second degree assault and reads in pertinent part: "(1) A person commits the offense of assault in the second degree if he or she: (a) Intentionally or knowingly causes bodily injury to another person *with a dangerous instrument.*" (Emphasis supplied.) Neb. Rev. Stat. § 28-310 (Reissue 1995) defines the offense of third degree assault and reads in pertinent part: "(1) A person commits the offense of assault in the third degree if he: (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]"

As noted above, witnesses called by the State testified that Al-Zubaidy used a knife to inflict injury upon Seana. Where the prosecution has offered uncontroverted evidence on an element necessary for a conviction of the greater crime but not necessary for the lesser offense, a duty rests on the defendant to offer at least some evidence to dispute this issue if he or she wishes to have the benefit of a lesser-offense instruction. *State v. Howard*, 253 Neb. 523, 571 N.W.2d 308 (1997). Al-Zubaidy, however, admitted in his case in chief that he used a knife to stab Brown and Seana. Therefore, Al-Zubaidy was not entitled to a lesser-offense instruction on third degree assault because all of the evidence at trial indicated that he used a dangerous instrument, in this case a knife, to injure Seana. The fact that appellate counsel did not raise this lesser-included-offense issue on appeal did not constitute deficient performance because the argument had no merit.

### 3. OTHER ASSIGNMENTS OF ERROR

#### (a) Refusal to Appoint Counsel

Al-Zubaidy also contends the district court erred in not appointing counsel to represent him in this postconviction action. Under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 through 29-3004 (Reissue 1995), it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. *State v. Silvers*, 255 Neb. 702, 587

N.W.2d 325 (1998). Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, establishing that the postconviction action contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint appellate counsel for an indigent defendant. *Id.* Because the district court correctly determined that the files and records of this case demonstrate that Al-Zubaidy is not entitled to postconviction relief, the court did not abuse its discretion in declining his request for appointment of counsel.

### (b) Amendment

Finally, Al-Zubaidy contends the district court erred in not granting him at least one opportunity to amend his petition. Al-Zubaidy's motion for postconviction relief was filed on November 16, 1999. The State filed a motion captioned "Response and Motion to Deny Evidentiary Hearing and Motion for Postconviction Relief" on December 17, 1999. A hearing on the State's motion was held in part on January 24, 2000, and then continued and finished on February 22. At the February 22 hearing, Al-Zubaidy was asked by the district court if he had any evidence or argument to add to the motion he had filed on November 16, 1999. Al-Zubaidy indicated he did not. Given that the February 22, 2000, hearing was held over 2 months after the State filed its motion, Al-Zubaidy had ample time to seek leave to amend his petition or be prepared to make further argument if he so desired. Neb. Rev. Stat. §§ 25-849, 25-850, and 25-852 (Reissue 1995). See, also, *State v. Silvers, supra.* Instead, he chose to stand on his original motion and cannot now complain that he was denied an opportunity to amend. See *State v. Whitmore,* 238 Neb. 125, 469 N.W.2d 527 (1991). This assignment is without merit.

### V. CONCLUSION

For the reasons stated, we conclude that the district court did not err in denying Al-Zubaidy's motion for postconviction relief without conducting an evidentiary hearing. The judgment of the district court denying postconviction relief is affirmed.

AFFIRMED.